Filed 9/18/14  P. v. Chambers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C075908 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04794) |
| v. | |
| DUSHAWN JEROME CHAMBERS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dushawn Jerome Chambers asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no errors, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)  On July 26, 2013, Britney Williams, the owner of a 2012 silver Toyota Yaris with license plate number 7AYP327, returned home from the grocery store (in her car) and brought the groceries to her apartment.  Williams inadvertently left her keys in the door to her apartment when she brought the groceries inside.  Later that afternoon, when she went to collect her mail,

1

Williams noticed she did not have her keys. While searching for her keys, she discovered that her car was missing from the parking lot. She reported to the highway patrol that her car had been stolen. Williams had not given defendant or anyone other than her boyfriend permission to drive her car.

That evening at approximately 10:00 p.m., while responding to an unrelated call in the Oak Park neighborhood with his partner Officer Christopher Swift, Officer Mark Redlich saw defendant slowly drive by their patrol vehicle in a silver Yaris with license plate number 7AYP327. Officer Redlich ran the license plate number and learned that the car had been reported stolen. They pursued the car and located the car parked at the curb, with defendant and a woman standing beside the car on the sidewalk. Based on defendant's directions, officers recovered the keys to the car from the fenced-in front lawn of the house next to where the car was parked. Officers placed defendant in the back seat of the patrol car, which they had previously checked for contraband. When Officer Swift removed defendant from the back seat of the patrol car at the main jail, he found a small narcotics pipe on the seat.

Defendant was charged with driving a stolen vehicle (Veh. Code, § 10851, subd. (a); count one), receiving stolen property (Pen. Code, § 496d, subd. (a); count two),[1] and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1; count three). It was also alleged defendant had suffered two prior convictions for which he served prison terms within the meaning of section 667.5, subdivision (b) and that one of those convictions was for a serious felony within the meaning of section 1192.7, subdivision (c) and section 667, subdivisions (b) through (i).

Defendant moved to suppress defendant's statements and the drug paraphernalia recovered in the back seat of the patrol car because the search (via a computerized license

---

[1] Undesignated statutory references are to the Penal Code.

plate reader system in the patrol car) pursuant to which the evidence was obtained was conducted without a warrant and without knowledge that defendant was subject to a probation search condition. The trial court denied the motion, finding the officer who detained defendant obtained reasonable suspicion that the car was stolen by independently running the license plate of the car defendant was driving. Jury trial commenced.

While the jury was deliberating, defendant moved for a mistrial based on the trial court's response to a jury question whether, as to count two, defendant had to know the car was stolen at the moment he received it or if it was sufficient for him to have learned the car was stolen prior to police intervention. The trial court had responded to the jury's question by stating that he meets the knowledge requirement "if he learns that the vehicle was stolen and remains in possession of it before contact with the [police]" and that "[b]eing in receipt of a stolen vehicle is not limited to the instant he received the vehicle." The trial court denied defendant's motion for a mistrial.

The jury returned guilty verdicts for all three counts.

The trial court conducted a bench trial regarding the prior conviction enhancement allegations and found both allegations true. Defendant requested that the trial court strike defendant's prior strike conviction pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 or to reduce the current charges to misdemeanors pursuant to section 17, subdivision (b). The court declined to strike defendant's prior strike conviction or to reduce the current charges, and it sentenced him to an aggregate term of six years: four years (double the mid-term of two years) for count one, a stayed middle term of two years for count two, 30 days in county jail for count three to run concurrent to the sentence for count one, and two one-year terms for defendant's prior convictions. The court also imposed a $600 restitution fine, a suspended parole revocation fine in an equal amount, a $120 court operations assessment, a $90 facility fee, a $382.22 main jail booking fee, and a $61.75 classification fee. The trial court

3

awarded defendant 421 days of credit: 211 days of actual credit and 210 days of local conduct credit.

Defendant timely appealed.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                        BLEASE                    , J.


We concur:


        RAYE                    , P. J.


        MAURO                   , J.


4